DECISION OF DISMISSAL
This matter is before the court on Defendants' requests for dismissal, included in their Answers filed October 20, 2009 and November 2, 2009, respectively. The Department of Revenue requests dismissal alleging it is an improper party. The basis for the Employment Department's dismissal request is a lack of jurisdiction because the matter at issue allegedly involves a tax over which this court has no authority to adjudicate. The court heard argument from the parties at a hearing held by telephone January 26, 2010. The parties were given time after that proceeding to submit written argument as to whether this court has jurisdiction to consider the appeal. The parties' written arguments have been received and reviewed and, after due consideration, the court concludes that the requests for dismissal should be granted.
On the face of it, Plaintiff's Complaint indicates that Plaintiff is appealing "Withholding" taxes for 2003, 2004, 2005, 2006, and 2008. The parties acknowledge, however, that the tax at issue involves unemployment insurance taxes. Such taxes are governed by ORS chapter 657 *Page 2 
(2007).[1] The Employment Department issued an unemployment insurance tax assessment in May 2006. (Def Emp Dept's Ltr at 1, Feb 19, 2010.) Plaintiff filed an appeal with the Office of Administrative Hearings and an Administrative Law Judge issued a final order on January 2, 2008. (Id.) Plaintiff subsequently filed an appeal with this court September 30, 2009.
Plaintiff asserts that this court has jurisdiction to consider the appeal because ORS 316.168(1) and (2)(a) require employers to file tax and assessment reports, and remit the tax due, to the Department of Revenue (Department). (See Ptf's Ltr at 3, Feb 23, 2010.) The court disagrees. The Department is required to credit the payment of such tax and remit the payments to the relevant reporting body, which in this case is the Employment Department. ORS 316.168(2)(b).
This court's jurisdiction is governed by ORS 305.410, which provides in relevant part:
 "(1) Subject only to the provisions of ORS 305.445 relating to judicial review by the Supreme Court and to subsection (2) of this section, the tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws on this state. For purposes of this section, and except to the extent that they preclude the imposition of other taxes, the following are not tax laws of the state:
 "* * * * *
 "(L) ORS chapter 657 relating to unemployment insurance taxes."
(Emphasis added.)
It is clear from statutory language set forth above that the tax court lacks the judicial authority to hear and determine questions of law or fact concerning ORS chapter 657 unemployment insurance taxes. See also ORS 305.275 (which does not include actions of the *Page 3 
Employment Department in the list of actions that can be appealed to the magistrate division of the Oregon Tax Court).
Among other things, ORS chapter 657 requires employers to pay a tax on wages paid to employees, and entitles qualifying employees to file and receive unemployment insurance benefits. Although not a complete and exhaustive overview of the various relevant statutory provisions in chapter 657, the court notes the following: ORS 657.505(1) and (2) require employers to pay taxes on all wages; ORS 657.505(4) provides that taxes are to be paid to the Director of the Employment Department; ORS 657.601(1) requires the Employment Department to administer the unemployment insurance laws of the state of Oregon; and ORS 657.681(1) authorizes the director or a representative of the director to assess unpaid employer contributions. In cases where the director or authorized representative disagrees with an employer's computation of contributions (i.e., taxes), the director may recompute the amount it believes is owed and make an assessment thereof, as provided in ORS 657.681(3). ORS 657.681(5) gives employers who disagree with the director's assessment a limited period of time to apply to the director for a hearing on the matter. Timely applications are heard by an administrative law judge as provided in ORS 657.683(2).
Plaintiff timely availed itself of the opportunity to pursue the Employment Department's May 2006 assessment for unreported wages to the Office of Administrative Hearings as provided in ORS 657.681(5) and ORS 657.683(2). (Def Emp Dept's Ltr at 1, Feb 19, 2010.) Plaintiff at least partially lost its appeal. (Id.) The administrative law judge issued a final order January 2, 2008. Plaintiff's recourse was to appeal to the Oregon Court of Appeals. ORS 183.480; ORS 183.482. Plaintiff did not pursue that remedy, but instead appealed to this court *Page 4 
approximately 21 months later, on September 30, 2009. As indicated above, the court lacks jurisdiction to consider the subject matter of Plaintiff's appeal.
Even if the court had jurisdiction over the subject matter (ORS chapter 657 unemployment insurance taxes), an additional constraint for appealing to this court is procedural and regards timing. Depending on the type of action being appealed, a taxpayer has 90 days from the date of notice of the action (e.g., an assessment or refund denial) and, at the most, one year from the date the action occurred to file an appeal with this court. Seegenerally ORS 305.280. In this case, the Employment Department issued an assessment in May 2006 and an Administrative Law Judge issued a final order in January 2008. Plaintiff filed its appeal with this court in September 2009. In a best case scenario, viewing the case from Plaintiff's prospective, the decision of the Administrative Law Judge was the last official act of the Employment Department. Plaintiff's appeal was filed more than one year after that decision was rendered, and more than three years after the issuance of the assessment by the Employment Department. The appeal is clearly untimely under the court's broadest possible appeal limits. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed for lack of jurisdiction.
Dated this ___ day of January 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. *Page 5 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon January 4, 2011. The Court filed and entered this documenton January 4, 2011.
[1] Unless otherwise noted, all references to Oregon Revised Statutes (ORS) are to 2003. Because the appeal involves multiple tax years governed by different ORS editions, the court will, for ease of reference, cite to the 2003 edition in discussing the unemployment insurance taxes governed by ORS chapter 657, although there are no material differences in the law among the 2001, 2003, 2005, and 2007 editions.